Filed 7/1/13  P. v. Jackson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>CLAUDE JONES JACKSON,<br><br>        Defendant and Appellant. | C072159<br><br>(Super. Ct. No. 12F2433) |

Appointed counsel for defendant Claude Jones Jackson has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant filed a supplemental brief contending his right to a speedy trial was violated and complaining about his conditions of confinement.  We address these issues, in addition to undertaking a review of the record as required by *Wende*, and affirm the judgment.

1

## BACKGROUND

Defendant and his two brothers, Cary and Paul, lived in the same mobile home park in Shasta County.[1]  They had all lived together until early April 2012, when Cary moved into his own trailer.

On the evening of April 10, 2012, defendant visited one of his neighbors and obtained some information that upset him.  Several hours later, he went to Cary's trailer "to confront him on something [he] heard he had said in the trailer park."  By this time, defendant had consumed six to eight vodka drinks over the course of the evening.

Defendant pounded on Cary's door and burst into the trailer.  Cary described defendant as being agitated, extremely intoxicated, and holding two kitchen knives in his hands.  Defendant approached Cary, stuck a knife into each side of his neck, and accused Cary of telling other residents in the trailer park that Cary did not allow defendant to visit Cary's children when they were younger because Cary did not trust defendant.  Cary denied the allegation and defendant began pushing him down the hallway.  Defendant told Cary, "[Y]ou're going to die tonight," and threatened to shove one knife down his throat and the other in his heart.  Defendant then punched Cary in the face and pushed him, causing him to fall.  Defendant stood over him and stabbed him in the stomach.

Defendant then told Cary to go get his gun and shoot him, and he would stab Cary, and they would both die.  To make an excuse to leave the house without further incident,

---

[1]     Because defendant and his brothers have the same surname, we use their first names to avoid confusion.

Cary lied and said the gun was in the car, not in the house. Cary took the opportunity to escape, ran to his car and drove to the house of a friend. He then contacted the manager of the trailer park to alert her as to what happened, who in turn called the police and an ambulance. Cary sustained three superficial stab wounds to each side of his neck and a stab wound to the abdomen approximately two inches deep.

Defendant claimed that he had carried the two kitchen knives in his belt when he went to Cary's house and brought them out only after Cary denied his accusations. He further stated that he had allowed Cary to leave because he knew Cary kept a gun in his home and he wanted to use it to commit suicide.

Trial initially began on July 17, 2012, but, prior to the second day of trial, defendant fell and injured his back. Based on a nurse practitioner's testimony about defendant's medical condition and inability to sit in the courtroom for trial, the trial court declared a mistrial. On July 20, 2012, defendant was still unable to attend court due to his injury. Despite defendant's lack of time waiver, the court found his medical condition and inability to attend court good cause to set the trial date for August 7, 2012. On August 3, 2012, the trial court denied defendant's motion to dismiss for lack of a speedy trial.

Trial proceeded as scheduled on August 7, 2012, after which a jury found defendant guilty of assault with a deadly weapon (Pen. Code. § 245, subd. (a)(1)),[2] residential burglary (§ 459), and making criminal threats (§ 422). The jury found

---

[2]    Undesignated statutory references are to the Penal Code.

3

defendant used a deadly weapon to commit the burglary and make the threats but the prosecution dismissed the enhancement due to an error in the jury instructions. The jury found the great bodily injury allegation not true.

The trial court sentenced defendant to the upper term of six years for the burglary and imposed but stayed sentences on the other two counts pursuant to section 654. The trial court ordered defendant to pay a $1,440 restitution fine and awarded him 309 days of presentence custody credit.

Defendant appeals.

## DISCUSSION

### I

Defendant filed a motion in the trial court to dismiss the charges pursuant to section 1382 for failure to provide him with a speedy trial. He argued that, after the July 18, 2012, mistrial, the trial court erred in resetting the matter for trial beyond a 10-day grace period to August 7, 2012. The trial court denied the motion, finding defendant's physical condition justified the delay and extended the time to try the matter. Defendant contends this was error. He is wrong.

"[Penal Code section] 1382, which interprets the state constitutional right to a speedy trial (see Cal. Const., art. I, § 15), provides that absent a showing of good cause, a defendant accused of a felony is entitled to a dismissal of the charges against him if he is not brought to trial within 60 days of the filing of the information." (*People* v. *Johnson* (1980) 26 Cal.3d 557, 561.) A defendant is brought to trial under section 1382 when the court has "committed its resources to the trial, and the parties must be ready to proceed

4

and a panel of prospective jurors must be summoned and sworn." (*Rhinehart v. Municipal Court* (1984) 35 Cal.3d 772, 780, fn. omitted.)

Here, a panel of prospective jurors was summoned and sworn and jury selection commenced within the 60-day period. Thus, defendant was brought to trial within the proscribed time. The order granting a mistrial as a result of defendant's back injury commenced a new 60-day period for retrial. (§ 1382, subd. (a)(2); *People v. Tahtinen* (1958) 50 Cal.2d 127, 131-132.)

In any event, dismissal pursuant to section 1382 is warranted only when there is no good cause for the delay. (§ 1382.) "What constitutes good cause for the delay of a criminal trial is a matter that lies within the discretion of the trial court. [Citations.]" (*People v Johnson*, *supra*, 26 Cal.3d at p. 570.) "We review a decision to grant continuances under section 1382 for an abuse of discretion. [Citation.]" (*People v. Memro* (1995) 11 Cal.4th 786, 852.)

The trial court found defendant's unexpected medical condition rendering him unable to attend trial to be good cause. We find no abuse of discretion. Courts generally agree that good cause includes: (1) delay which results from defendant's conduct; (2) delay that benefits defendant; and (3) delay which arises from unforeseen circumstances, such as unexpected illness or unavailability of counsel or witnesses. (*People* v. *Johnson, supra,* 26 Cal.3d at p. 570.)

II

Defendant also contends his right to a speedy trial was violated when his first trial was commenced on July 17, 2012, because that date was 96 days from his arraignment.

5

Defendant, however, forfeited this claim by failing to pursue it in the trial court. (*People v. Wilson* (1963) 60 Cal.2d 139, 146-148.)

The right to a speedy trial will be deemed forfeited unless the defendant *both* objects to the date set *and* thereafter files a timely motion to dismiss in the trial court prior to the commencement of trial. (*People v. Wilson*, *supra*, 60 Cal.2d at p. 146.) These two requirements serve different purposes. Absent an objection, defendant is presumed to consent. (*Ibid.*) It is not sufficient to object; the defendant must also move to dismiss before the court can order dismissal. (*Id.* at p. 147.) " 'It is not the policy of the law to permit a person thus to keep his silence, take his chance on getting a favorable verdict and, if he loses, at some later time (perhaps after the statute of limitations has run) come in and void the judgment by raising a point which if timely raised would have allowed the filing of a new information before the running of the statute and while the state's witnesses were still available.' . . . [Citations.]" (*Id.* at pp. 147-148.)

III

Finally, defendant complains about the conditions of his confinement and violations of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.). While he claims these violations contributed to the injury which required the mistrial and subsequent retrial, defendant fails to establish how the alleged facts, if true, affect the validity of the judgment from which he now appeals. (Cf. *People v. Jenkins* (2000) 22 Cal.4th 900, 1001-1003.) Consequently, we decline to consider them.

6

## IV

Having also undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.

                                                              NICHOLSON , J.

We concur:

BLEASE , Acting P. J.

MAURO , J.